33 F.3d 54
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kermit COUCH, Plaintiff-Appellant,
v.
Debbie BAILEY, C.T.O., Defendant-Appellee.
 No. 93-6512.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1994.
 
 Before: KEITH and MILBURN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Kentucky state prisoner appeals a district court judgment granting defendant Debbie Bailey summary judgment and dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Kermit Couch sued Correction Officer Debbie Bailey of the Eastern Kentucky Correctional Complex (EKCC). The district court construed the complaint as also brought against EKCC Report Employee Ralph Nickell. Couch sued the defendants in their official and individual capacities. He alleged that: 1) the defendants were deliberately indifferent to his serious medical needs; and 2) the defendants have retaliated against him for exercising his right of access to the courts. Summons was never issued to Ralph Nickell. Therefore, he is not a party to this suit.
 
 
 3
 Thereafter, Bailey moved for summary judgment and Couch responded. A magistrate judge recommended granting the motion for summary judgment and the district court adopted the recommendation over Couch's objections. In his timely appeal, Couch reasserts that defendant Bailey was deliberately indifferent to his serious medical needs. Couch does not argue on appeal that the defendant retaliated against him for asserting his right of access to the courts. Thus, this issue is considered abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment to the defendant because there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Plaintiff essentially argued that defendant violated his Eighth Amendment rights when she made him scrub the prison's dormitory steps in contravention of his medical prescription which limited his manual labor to "light-duty." The defendant demonstrated, however, that she reasonably accommodated plaintiff's medical prescription by allowing him to work in a seated position. Thus, the record reflects that the defendant did not act in a wanton manner so as to deny plaintiff his constitutional rights under the Eighth Amendment. See Wilson v. Seiter, 501 U.S. 294, 301-02 (1991). Plaintiff likewise failed to present significant probative evidence to the contrary. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.